STATE OF VERMONT

ENVIRONMENTAL COURT

| | | |
|---|---|---|
| In re: Appeal of Nicholas A. Gulli | } | Docket No. 135-6-00 Vtec |
| | } | |
| | } | Docket No. 185-8-00 Vtec |
| Appeal of George Dunnett | } | |
| | } | |


| | | |
|---|---|---|
| In re: Appeal of Gulli, et al. | } | Docket No. 4-1-01 Vtec |
| | } | |
| Appeal of Dunnett, et al. | } | Docket No. 5-1-01 Vtec |
| | } | |
| | } | |


Decision and Order on Motions to Amend March 22, 2001 Order and Motions to Intervene

Procedural History

Appellants represent themselves; Applicant Okemo Mountain, Inc. is represented by Lawrence G. Slason, Esq.; the Town is represented by J. Christopher Callahan, Esq.

In Docket No. 135-6-00 Vtec, Appellant Nicholas A. Gulli, on his own behalf only, appealed from the April 21, 2000 decision of the Development Review Board (DRB) of the Town of Ludlow regarding approval of Phase I of Applicant's Jackson Gore Project. Applicant filed a cross-appeal. It was consolidated with Docket No. 185-8-00 Vtec, in which Appellant George Dunnett, also on his own behalf only, had appealed from the decision of the DRB as issued on August 8, 2000 after reconsideration. Applicant's motion to dismiss both these appeals for lack of standing on the part of the respective individual Appellants was granted on March 22, 2001. Appellants have now moved for reconsideration of that dismissal order, and have moved on behalf of their respective group members (see next paragraph) to intervene in Applicant's cross-appeal in Docket No. 135-6-00 Vtec. Applicant has filed a withdrawal of its cross-appeal in Docket No. 135-6-00 Vtec.

In Docket No. 4-1-01 Vtec, Appellant Nicholas A. Gulli and a group of 15[1] other Ludlow residents filed an appeal on December 12, 2000 from what they characterized as a decision of the DRB " rendered on or about November 27, 2000, granting Subdivision Plan Approval and modification of the zoning regulations" to Applicant's Phase I Jackson Gore Project. The group members all signed the appeal and designated Mr. Gulli as their spokesperson; we will refer to them as " the Gulli group." In Docket No. 5-1-01 Vtec, Appellant George Dunnett and a group of 10 other Ludlow residents filed an appeal on December 22, 2000 from what they characterized as

" the November 27, 2000 decision" of the DRB granting approval of Applicant Okemo Mountain, Inc.' s Jackson Gore Project " Final Parcel Map." The group members all signed the appeal and designated Mr. Dunnett as their spokesperson; we will refer to them as " the Dunnett group." other pending motions in these latter two appeals are addressed in a separate order also issued today.

Phase I of Applicant' s Jackson Gore Project is a mixed use recreational development, involving skiing and snowboarding facilities, and a Planned Unit Development (PUD) of 120 acres, including a 117-unit condominium hotel, associated commercial facilities, parking and infrastructure. Applicant submitted a consolidated application to the DRB requesting site plan approval, conditional use approval, PUD approval and subdivision approval of the Phase I Jackson Gore Project.

The August 8, 2000 DRB decision required Applicant to submit for DRB approval a " Final Parcel Map" showing the area to be delineated as open space, and showing the location of walking trails, cross-country ski trails, bike paths and picnic areas within the land designated as open space, with access directly from the so-called " day use" parking lots. Applicant submitted a " Final Parcel Map" dated October 4, 2000; the DRB took action to approve this map on November 27 (or 30), 2000.

Motions to Amend

Mr. Dunnett seeks correction of the Court' s March 22, 2001 order so that the reference to the " final site plan is corrected to the term " Final Parcel Map" as used earlier in the decision and as used in the PUD regulations. Mr. Dunnett' s motion is GRANTED. The correct term is " Final Parcel Map" and this Court has no wish to import additional confusion or imprecision into an already complex case. Accordingly, the following sentence in the last paragraph on page 4 of the March 22, 2001 decision and order:

" The scope of these appeals is limited by the scope of the November 2000 decision appealed from, that is, the decision of the DRB approving the Final Site Plan and determining whether that site plan is consistent with the August 2000 permit approvals."

is hereby amended to read as follows:

" The scope of these appeals is limited by the scope of the November 2000 decision appealed from, that is, the decision of the DRB approving the Final Parcel Map and determining whether that Final Parcel Map is consistent with the August 2000 permit approvals."


In Appeal of Gulli, Docket No. 135-6-00 Vtec, Mr. Gulli seeks reconsideration of the Court' s March 22, 2001 order dismissing his individual appeal of the DRB' s August 8, 2000 decision (filed prior to that decision' s having become final) for lack of standing. He argues that both he and the other petitioners were allowed by the DRB to participate as interested parties during the DRB proceedings, and that he filed his appeal to this Court as an individual, rather than organizing the group of petitioners to appeal, " to make it easier for all parties and the Court." He

argues both that Okemo waived its rights to object to his standing before this Court, and that the other petitioners in the Gulli Group would have joined in his appeal had they realized that they would otherwise be excluded from proceedings before this Court. Mr. Gulli' s Motion for Reconsideration is DENIED. Similarly, to the extent that Mr. Dunnett' s recent filings request reconsideration of the dismissal order in Docket No. 185-8-00 Vtec, it is DENIED.

Mr. Gulli and Mr. Dunnett, with the other petitioners, may and evidently did have standing to participate at the DRB as a group or groups under 24 V.S.A. § 4464(b)(4). However, all participants in zoning matters, as well as the DRB and this Court, are bound by the same procedural rules. No group of ten or more petitioners appealed the August 8, 2000 DRB decision. Rather, Mr. Gulli and Mr. Dunnett each filed an individual appeal. Title 24 V.S.A. § 4464(b) establishes the criteria for individual (§ 4464(b)(3)) and group (§ 4464(b)(4)) standing to bring an appeal; 24 V.S.A. §§ 4472(a) and (d) establish the consequences for failing to file a § 4471 appeal in this Court. The other members of the groups did not file an appeal of the August 8, 2000 decision, and the Court cannot go back in time to relieve them of the consequences of their failure to have done so.

On April 4, 2001, Okemo Mountain, Inc. withdrew its cross-appeal, and moved to dismiss Docket No. 135-6-00 Vtec, as neither the direct nor the cross-appeal remained in the case. Mr. Dunnett and the Dunnett Group, and Mr. Gulli and the Gulli Group, have each moved to intervene in that cross-appeal. Because the cross-appeal has been withdrawn, the motions to intervene in it are DENIED as MOOT. Docket No. 135-6-00 Vtec is therefore DISMISSED. By another order issued today, we address the remaining issues in and progress of In Appeal of Gulli, et al., Docket No. 4-1-01 Vtec and Appeal of Dunnett, et al., Docket No. 5-1-01 Vtec.

Done at Barre, Vermont, this 30th day of April, 2001.


_____
Merideth Wright
Environmental Judge



**Footnotes**

1.  Two of the group members have since withdrawn, leaving the Gulli group at 14 members, including Mr. Gulli.